# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

No. 08-51180

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TRAVIS WILLIAM COLBY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CR-72-ALL

Before GARWOOD, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Travis William Colby appeals his conviction for conspiracy to manufacture marijuana in violation of 18 U.S.C. §846. The gravamen of Colby's appeal is the denial of his pre-trial motion to suppress the evidence produced by search warrants of two residential properties, only one of which was his abode at the time. We affirm.

The two Colby properties searched by law enforcement personnel were located at 7701 Peaceful Hill Lane and 9103 Collingwood Drive, respectively, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-51180

Austin, Texas.  (Colby also sought to suppress evidence obtained in the search of 5705 Thames Drive, which was his residence at the time of the investigation in 2006, and the search of a U-Haul truck found outside one of the properties, but he has limited this appeal to evidence seized in the searches of Peaceful Hill Lane and Collingwood Drive.)

We have now heard oral argument from able counsel for Colby and the government, have reviewed their briefs and the law presented therein, and have examined the record on appeal.  From our extensive consideration of these materials, we are satisfied that the district court properly denied suppression of the evidence from both locations.  The well-known "good faith" exception for deficiencies in the warrant on which the search of the Collingwood Drive property was based justifies the district court's denial of suppression of the evidence obtained there.  This would pertain even if we were to determine that Colby had a reasonable expectation of privacy in the energy-consumption data for that residence, which data were among the supporting facts considered  in the issuance of the warrant.

As for the Peaceful Hill Lane property, the discrete facts of Colby's relationship to the residences located therein and to the tenants of that property demonstrate beyond cavil that Colby had no standing to challenge the search of this property or the admission of the evidence seized in that search, despite his ownership of the property as a non-occupant investor.  As suppression of the seized evidence was properly denied,  Colby's  conviction and sentence based on his conditional plea of guilty are, in all respects,
AFFIRMED.

2